UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEAVEN THOMPSON, CHRISTINA POST, and MORGAN BENOIT, individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, and AMAZON SERVICES, LLC, <br><br> Defendants. | Case No. 1:23-CV-03717 <br><br> Hon. Thomas M. Durkin |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Heaven Thompson, Christina Post, and Morgan Benoit (collectively, "**Plaintiffs**"), by and through their counsel, respectfully submit this Memorandum in Opposition to the Motion to Dismiss Plaintiffs' Class Action Complaint ("**Motion**") brought by Defendants Amazon.com, Inc., Amazon.com Services, LLC, and Amazon Services, LLC (collectively, "**Defendants**" or "**Amazon**").

I. **INTRODUCTION**

Plaintiffs' Class Action Complaint ("**Complaint**", Dkt. No. 1, Ex. A) states a claim under the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*. ("**GIPA**") on the basis that Defendants violated the rights of Plaintiffs by improperly requesting their genetic information during a pre-employment physical. Amazon asks the Court to dismiss Plaintiffs' claims, arguing that the Court should require Plaintiffs to publicly disclose their protected genetic information to

1

assert a claim for violation of GIPA. This supposed requirement is illogical, finds no support in GIPA's text, wholeheartedly contravenes the statute's purpose, and should be rejected.

In relevant part, GIPA states that a company that employs Illinois residents "shall not directly or indirectly … solicit, request, require or purchase genetic testing or genetic information of a person … as a condition of employment, [or] pre-employment application[.]" 410 ILCS 513/25(c)(1). Family medical history is included within GIPA's definition of "genetic information". *See* 410 ILCS 513/10 (adopting the definition of genetic information from 45 C.F.R. 160.103, the regulations pertaining to the Health Insurance Portability and Accountability Act).

Thus, to sufficiently plead a violation of GIPA, a plaintiff need only allege that (1) there was a request for his or her family medical history and (2) that the request was a condition of employment or application for employment. Defendants concede that Plaintiffs have alleged both elements, and plainly acknowledge that the Complaint alleges Amazon requested Plaintiffs to disclose their genetic information during the application and hiring process to work for Amazon by asking about conditions which had manifested in Plaintiffs' family members. Motion, pp. 1-2 (citing Complaint, ¶¶ 66, 69-70). The Complaint alleges that Amazon requested Plaintiffs to disclose whether various genetic conditions, such as cancer and diabetes, were present in Plaintiffs' families to predict whether Plaintiffs themselves would inherit these conditions. Complaint, ¶¶ 49-50. Additionally, in order to work for Amazon, each Plaintiff was required to attend the physical and subject themselves to the request. *Id.*, ¶¶ 28, 35, 42. Accordingly, Plaintiffs sufficiently pleaded the facts necessary to establish a claim under GIPA.

Unable to argue that Plaintiffs fail to meet the textual requirements for a GIPA claim, Defendants suggest that the Court add additional requirements that the Legislature never imposed, including a requirement that Plaintiffs reveal their protected genetic information by "identifying

what information Amazon allegedly collected." Motion, p. 2. This argument is predicated upon a flawed interpretation of the statute and would contravene the very purpose of GIPA. In enacting GIPA, the Legislature sought to reassure members of the public that they could obtain genetic testing without fear that the results could later be used against them. That is why GIPA prohibits companies from even asking about such information – the Legislature concluded that such requests alone would deter people from obtaining genetic testing. Instead, it appears that Amazon is attempting to conflate the requirements for different types of GIPA claims. GIPA prohibits discrimination and adverse employment actions based on genetic information, and many of the cases cited by Amazon discuss such claims because those claims could turn on the type of genetic information disclosed by a plaintiff. However, those are not the claims Plaintiffs assert here; Plaintiffs' claims are based only on the fact that Amazon illegally requested genetic information from Plaintiffs and the class. Whether Plaintiffs responded to those requests, or whether their responses included genetic information, is irrelevant to Plaintiffs' claims. Amazon's request alone is a violation of the statute.

Thus, the Court should deny Defendants' Motion and permit Plaintiffs and the putative class to pursue their claims based on Amazon's unlawful requests for genetic information.

## II. FACTUAL BACKGROUND

The gravamen for Plaintiffs' claims, as alleged in the Complaint, is not complicated. Each of the Plaintiffs allege that they applied to work at Amazon. Complaint, ¶¶ 27, 34, 41. "[D]uring the application and hiring process, Amazon … required" each Plaintiff "to submit to a pre-employment physical." *Id.*, ¶¶ 28, 35, 42. As part of the physical, "Amazon indirectly or directly solicited, requested, or required" each Plaintiff "to disclose her family medical history." *Id*. The Complaint provides the specific dates on which the physicals occurred, the dates on which each

Plaintiff was hired, and the locations at which each Plaintiff worked. *Id*., ¶¶ 28, 31-32, 35, 38-39, 42, 45-46. As discussed below, this is more than sufficient to plausibly state a claim for a violation of GIPA.

### III. NEITHER GIPA'S TEXT NOR LEGISLATIVE HISTORY SUPPORTS DEFENDANTS' ARGUMENTS

Perhaps recognizing that the allegations in the Complaint satisfy the pleading requirements in the text of the statute, Defendants' Motion attempts to graft a new, atextual pleading requirement onto GIPA – specifically, a requirement that Plaintiffs must allege the precise genetic information that Amazon sought and that they disclosed in response to Amazon's unlawful request. *See* Motion, pp. 1-2. This argument is a red herring and is devoid of any statutory or caselaw support. Nothing in GIPA requires a plaintiff to publicly reveal their protected genetic information in order to state a claim for an unlawful request. Defendants do not, and cannot, point to any law supporting their interpretation. Instead, Amazon cites irrelevant caselaw in a weak attempt to misrepresent the requisite elements of Plaintiffs' unlawful request claims. Amazon's position is irreconcilable with not only the plain language of the statute itself, but also the Legislature's intent behind GIPA, which was to encourage the public to embrace genetic testing by eliminating any perception that information gleaned from those tests could later be used against them.

#### A. GIPA does not Require a Plaintiff to Plead the Precise Genetic Information at Issue in Order to State a Claim.

Under Illinois law, "[w]hen construing a statute, the primary objective is to ascertain and give effect to the legislature's intent, best indicated by the plain and ordinary language of the statute." *Skaperdas v. Country Cas. Ins. Co.*, 2015 IL 117021, ¶ 15. "In interpreting a statute, no part should be rendered meaningless … Courts may not depart from the plain language of a statute by reading into it exceptions, conditions, or limitations that the legislature did not express." *Id*.

GIPA prohibits an Illinois employer from requesting genetic information as a condition of employment. 410 ILCS 513/25(c)(1). Section 25 of GIPA sets out directions regarding what employers can and cannot do with regard to genetic information. These include that "[a]n employer, … shall not directly or indirectly do any of the following:

> (1) solicit, request, require or purchase genetic testing or genetic information … as a condition of employment, [or] pre-employment application…;
> (2) affect the terms, conditions, or privileges of employment, pre-employment application, … , or terminate the employment… of any person because of genetic testing or genetic information …;
> (3) limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee … because of genetic testing or genetic information…; and
> (4) retaliate through discharge or in any other manner against any person alleging a violation of this Act[.]" 410 ILCS 513/25(c).

The Legislature created a broad individual right of action to enforce GIPA, using the same language that it used in the Biometric Information Privacy Act ("**BIPA**"). *Compare* 740 ILCS 14/20(a) *with* 410 ILCS 513/40(a). Thereunder, "[a]ny person aggrieved by a violation of this Act" can seek liquidated damages. *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 29 (holding that the same language used in BIPA granted a similarly broad private right of action, regardless of whether the person sustained actual pecuniary damages).

Plaintiffs' unlawful request claims are founded exclusively on Section 25(c)(1) of GIPA. Nothing in sub-section (c)(1) suggests that a plaintiff must disclose their genetic information in order to allege a violation of this provision. Section 25(c)(1) simply provides that the employer cannot "solicit" or "request" "genetic information as a condition of employment, [or] pre-employment application[.]" As such, any Illinois employer that makes such a solicitation or request violates GIPA and any person to whom the request is made is aggrieved by that request.

### B. The Complaint Alleges that Amazon Requested Plaintiffs' Genetic Information in the form of Family Medical History.

Defendants assert that, even if GIPA does not require such specificity, the Complaint provides "no details concerning what the alleged family medical history or conditions they alleged they disclosed 'might be', and the absence of supporting explanation or context altogether fail to put Amazon on notice of their claims." Motion, p. 5. Even though Plaintiffs are not required to plead with specificity the precise genetic information that Amazon unlawfully requested, the Complaint provides more than sufficient detail to put Amazon on notice of Plaintiffs' claims. As alleged in the Complaint, on three separate occasions (February 22, 2021, December 1, 2021, and August 19, 2022) and at three different facilities in Illinois (Monee, Marham, and Wilmington) Amazon requested Plaintiffs' genetic information during pre-employment physicals. Complaint, ¶¶ 28-29, 35-36, 42-43. The Complaint then asserts that the company did so "for the purpose of evaluating the risk that the individual may have inherited genetic conditions from family members… including but not limited to hypertension, cancer, heart conditions, diabetes and stroke." *See* Complaint, ¶¶ 49-50. Amazon cares about such information because it believes that those genetic conditions "could be exacerbated by workplace conditions, especially if these conditions are high-stress and/or physically demanding" like those in an Amazon warehouse. *Id.*

As acknowledged by Defendants, GIPA defines "genetic information" as including, *inter alia*, "the manifestation of a disease or disorder in family members of [an individual]." Motion., p. 3 (citing 410 ILCS 513/10, 45 C.F.R. 160.103). In sum, GIPA prohibits employers from inquiring about the manifestation of a disease or disorder in the spouse, dependent, or any other individual related by blood or law to a prospective employee as a condition of employment or pre-employment application. 410 ILCS 513/10 (defining the term "Family Members"). Thus, by asserting that Amazon asked for family medical history, and alleging that the company did so for

6

the purpose of identifying applicants that may have genetic based conditions, such as hypertension, cancer, heart conditions, diabetes, and stroke, Plaintiffs provided all the details necessary to put Amazon on notice of the claims against it. Complaint, ¶¶ 49-50. Furthermore, the conduct alleged in the Complaint is precisely that which the Legislature sought to prevent by enacting GIPA.

### C. The Family Medical History that Amazon Allegedly Requested is Undeniably Within GIPA's Definition of Genetic Information.

Amazon's Motion contends that "Plaintiffs make no effort to describe the information Amazon purportedly sought" and thus fail to state a claim because "neither 'family medical history' nor all medical conditions are inherently genetic in nature." Motion, p. 4. Amazon cites several unpersuasive cases in support of its argument, which are addressed in greater detail below. However, at the outset, it must be emphasized that the family medical history that Amazon allegedly requested from Plaintiffs falls within GIPA's definition of "genetic information."

As stated above, GIPA defines genetic information to include the manifestation of a disease or disorder in an individual's family member. Per 45 C.F.R. 160.103, "manifested" means "with respect to a disease, disorder, or pathological condition, that an individual has been or could reasonably be diagnosed with the disease, disorder, or pathological condition by a health care professional[.]" Here, the Complaint alleges Plaintiffs were requested by Amazon to "disclose [their] family medical history … including conditions that [their] family members had been diagnosed with." Complaint, ¶¶ 28-29, 35-36, 42-43. Accordingly, the information which Amazon requested falls squarely within GIPA's definition of genetic information, and Amazon's request for such information is prohibited by Section 25(c)(1).

IV. **DEFENDANTS FAIL TO CITE PERSUASIVE AUTHOURITY IN SUPPORT OF THEIR ARGUMENTS**

Plaintiffs' claims under Section 25(c)(1) are a matter of first impression; as such, Defendants look to GIPA's federal counterpart, the Genetic Information Nondiscrimination Act, 42 U.S.C. § 2000ff, *et seq*. ("**GINA**"). Although GIPA and GINA share similar definitions of genetic information, GIPA is broader in scope than GINA. For example, an employer who inquires about the manifestation of a disease in an individual's spouse would be in violation of GIPA, but not GINA, because only GIPA includes an individual's spouse as being within the definition of a "family member". *See* 410 ILCS 513/10, 42 U.S.C. § 2000ff(3). With that in mind, the caselaw cited by Defendants in their Motion actually supports a finding that the Complaint alleges a request for genetic information because Plaintiffs allege that Amazon requested disclosure of the manifestation of conditions in their family members, not Plaintiffs themselves.

A. **Plaintiffs Allege Defendants Requested Genetic Information in the form of Family Medical History, which Distinguishes this Matter from the Cases Cited by Defendants.**

Defendants cite a number of cases to make it appear that caselaw supports its claim that a plaintiff must plead with specificity the genetic disorders disclosed in order to assert a GIPA claim. However, even a basic analysis of the holdings in the cases cited by Defendants shows that they are inapposite to the instant action.

For example, Defendants rely on decisions where the court dismissed the GINA claims because the plaintiff alleged that the company sought information about conditions that manifested in the plaintiff, rather than conditions that manifested in family members. Defendants rely upon *Munnerlyn v. Installed Bldg. Prod., LLC*, 2020 WL 2528547 (W.D. Tex. Jun. 15, 2020), wherein the court granted the defendant's motion to dismiss because the plaintiff only alleged that his employer sought information about the manifestation of a disease in **himself**, as opposed to the

8

manifestation of a disease in his **family members,** and therefore never sought genetic information prohibited by GINA.[1] In *Munnerlyn*, the plaintiff alleged that his employer had discriminated against him due to an epilepsy diagnosis. *Munnerlyn*, 2020 WL 2528547, at *1-2. As the court noted, "[t]he basic intent of GINA is to prohibit employers from making a predictive assessment concerning an individual's propensity to get an inheritable genetic disease or disorder based on the occurrence of an inheritable disease or disorder in a family member." *Id*. at *5 (citing *Poore v. Peterbilt of Bristol, L.L.C.*, 852 F. Supp. 2d 727, 730 (W.D. Va. 2012)). "An employer, however, does not violate GINA through 'the use, acquisition, or disclosure of medical information that is not genetic information about a manifested disease, disorder, or pathological condition **of an employee** or member, including a manifested disease, disorder, or pathological condition that has or may have a genetic basis.'" *Id*. at *6, *citing* 42 U.S.C. § 2000ff-9 (emphasis added).

The court in *Franks v. City of Austin*, 2020 WL 3446164 (W.D. Tex. 2020) dismissed a GINA cause of action for the same reasons. Like in *Munnerlyn*, the plaintiff in *Franks* alleged that the defendant sought information about his own diseases and disorders, and as such Franks failed "to allege that the complained of examination involved genetic information, as opposed to ordinary medical information …" *Id*. at *5 (citing *Fuentes v. City of San Antonio*, 240 F.Supp.3d 634, 644 (W.D. Tex. 2017) (dismissing a GINA claim because he was asked to supply "personal health information" and a such there was "no evidence that plaintiff was required to submit to genetic testing or to release **family medical history** in violation of GINA" (emphasis added))).

In the instant case, unlike in *Munnerlyn* and *Franks*, the Plaintiffs allege Amazon requested information regarding the manifestation of various conditions in their family members, and

---

[1] The claim in *Munnerlyn* was a discrimination claim, not an unlawful request claim which the Plaintiffs allege here. GINA has a similar separation of requirements to GIPA, where GINA subsection (a) prohibits discrimination based on genetic information and subsection (b) prohibits unlawful requests for such information. 42 U.S.C. § 2000ff-1.

therefore, there can be no dispute that Amazon sought genetic information. Complaint, ¶ 50. Accordingly, the decision in *Munnerlyn* is immaterial to this action.

The cases that Amazon relies on are also primarily discrimination cases, rather than cases that allege illegal requests for genetic information. For example, in *Green v. Whataburger Rests. LLC*, 2018 WL 6252532 (W.D. Tex. 2018), the key issue was that the plaintiff failed to allege discrimination on the basis of a manifested disease or disorder in her daughter. The court found that the plaintiff "does not explain or provide any context to put Defendant on notice as to what her or her daughter's 'medical history' or 'genetic information' might be." *Id.* at *6. This was important because if the manifested disease or disorder in her daughter was not genetic in nature, then there could be no genetic discrimination. *Id.* "[T]he mere fact that Green's daughter might have cancer has no predictive value with respect to Green's genetic propensity to acquire cancer, and the allegations do not suggest that Whataburger viewed it as such." *Id.* at *7-8. Conversely, here, the Complaint alleges that Amazon inquired about the manifestation of diseases or disorders in Plaintiffs' family members and viewed the manifestation of various conditions for the purpose of evaluating the risk that its employees may have inherited these genetic conditions in an effort to avoid risk and/or liability for workplace injuries. Complaint, ¶¶ 49-50. In doing so, Amazon was attempting to use the manifestation of genetic conditions in Plaintiffs' family members to predict whether Plaintiffs may have inherited such conditions.

Likewise, Amazon's reliance on *Bell v. PSS World Med., Inc.*, 2012 WL 6761660 (M.D. Fla. 2012) is misplaced. In *Bell*, the plaintiff alleged the defendant discriminated against her on the basis of genetic information because the plaintiff was afflicted with a Hyperthyroidism condition which exhibited itself in severe chronic migraines. *Id.* at *8. The plaintiff also alleged the defendant had improperly disclosed "confidential information" regarding "confidential

10

medical conditions" in violation of GINA. The *Bell* court dismissed the plaintiff's complaint because it found she had "failed to provide any basis, factual or otherwise, for the Court to reasonably infer that her hyperthyroidism, the 'confidential information,' or the 'confidential medical conditions' equate to genetic testing and/or genetic information. Unlike *Bell*, the Plaintiffs here have alleged that the information requested by Amazon was genetic information because it pertained to diseases which had manifested in their family members.

Amazon's lackluster analysis is highlighted in its citation to *Tedrow v. Franklin Twp. Cmty. Sch. Corp.* Amazon claims the GINA claim in *Tedrow* was dismissed because the plaintiff failed to *allege* that the information at issue met GINA's definition of genetic information. Motion, p. 6. In reality, the court in *Tedrow* denied the defendant's motion to dismiss the GINA claim. *Tedrow*, No. 1:21-CV-453 RLM-MG, 2022 U.S. Dist. LEXIS 45553, at *16 (S.D. Ind. Mar. 14, 2022) ("Mr. Tedrow alleges that the fitness-for-duty examiner sought genetic information"). Instead, the decision that Amazon cites was made at the summary judgment stage, after it was determined through discovery that the defendant did not obtain genetic information despite the complaint's allegations to the contrary. *Tedrow v. Franklin Twp. Cmty. Sch. Corp.*, 2023 U.S. Dist. LEXIS 89617, at *80 (S.D. Ind. May 23, 2023). Thus, the cited *Tedrow* decision has nothing to do with the pleading standard, and if anything supports Plaintiffs' instant action.

### B. Analogous GINA Caselaw Confirms that the Complaint Properly Alleges an Unlawful Request Claim.

For a proper analogy to GINA caselaw, the Court should instead look to *EEOC v. Grisham Farm Prods.*, 191 F. Supp. 3d 994 (W.D. Mo. 2016), wherein the court held that the defendant had violated GINA by simply asking a prospective employee if he had consulted a doctor in the previous two years or discussed future diagnostic testing. *Id.* at 998. The court reasoned that these questions would require an applicant to reveal genetic information and thus constituted an illegal

11

request. *Id.*; *see also EEOC v. Dolgencorp, LLC*, 2022 U.S. Dist. LEXIS 132466, *38 (N.D. Ala. 2022) (granting the plaintiff's motion for partial summary judgment as to liability for a GINA claim because "Dollar General's agent … asked … job candidates whether their grandparents, parents, or children had significant medical problems, in violation of 42 U.S.C. § 2000ff-1(b)."). As in *Grisham* and *Dolgencorp*, the allegation here that Amazon improperly requested genetic information in the form of the manifestation of a disease in the Plaintiffs' family members is the basis for the violation.

In sum, the caselaw cited by Defendants fails to support their arguments. To the contrary, these decisions support a finding that Plaintiffs have properly plead an unlawful request claim in violation of Section 25(c)(1) because they allege that Amazon requested them to disclose the existence of a manifested disease or disorder in their family members in an attempt to predict whether the Plaintiffs themselves would manifest such conditions in the future.

V. **PLAINTIFFS SUFFICIENTLY ALLEGE DEFENDANTS VIOLATED GIPA**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face…. A claim is plausible if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Tedrow*, 2022 U.S. Dist. LEXIS 45553, at *8-9 (internal quotations omitted).

    A. **The Complaint Sufficiently Alleges that Amazon Requested Plaintiffs' Genetic Information in Violation of GIPA.**

GIPA prohibits an employer from requesting genetic information as a condition of employment or pre-employment application. 410 ILCS 513/25(c)(1). As shown, the plain language of Section 25(c)(1) states a GIPA violation occurs when an employer "requests" genetic information – the **request** is the unlawful act and any subsequent response by the plaintiff is

12

inapposite to the claim. Thus, Defendants' contention that "Plaintiffs have provided no details concerning what the alleged family medical history or conditions they alleged they disclosed 'might be'" is immaterial. *See* Motion, p. 5. Plaintiffs need not make such an allegation to plead their claims.[2]

In fact, federal courts regularly hold that employers can be liable under GINA even when the defendant never obtained **any** genetic information in response to an unlawful request. *See Grisham*, 191 F. Supp. 3d at 994 (finding the defendant violated GINA even when the plaintiff refused to provide genetic information in response to the defendant's request); *see also Tedrow*, 2022 U.S. Dist. LEXIS 45553, at *16 (denying the defendant's motion to dismiss the plaintiff's GINA claim even though the defendant never acquired the plaintiff's genetic information); *Jackson v. Regal Beloit Am., Inc.*, 2018 U.S. Dist. LEXIS 103682, *41-43 (E.D. Ky. Jun. 21, 2018) (denying an employer's motion for summary judgment on GINA claim for unlawful request of genetic information where the plaintiff "refused to turn over her genetic information[.]" Although the defendant took no adverse employment action against the plaintiff, "Jackson's GINA claim arises from § 2000ff-1(b)" and "[b]ecause Jackson has put forward proof that the medical records requested contained protected 'genetic information' in the form of her family history … she has proven that Regal made an unlawful request for genetic information.").

Defendants concede that the Complaint alleges Amazon required three individuals to disclose whether medical conditions had manifested in their family members during pre-employment physicals. Motion, pp. 1-2 (*citing* Complaint, ¶¶ 66, 69-70). Those allegations are

---

[2] By way of analogy, the EEOC recently found that a company violated GINA by unlawfully requesting genetic information even when the employees did not respond to the request. "The EEOC's investigation apparently did not reveal that Brandon Dermatology had otherwise discriminated against its employees on the basis of any genetic information which had been collected. But as noted above, an employer engages in unlawful conduct merely by impermissibly requesting such information." *See* https://www.jdsupra.com/legalnews/eeoc-conciliation-agreement-highlights-5246079/.

made with sufficient factual specificity. As such, the Complaint's allegations put Defendants on notice of the claims alleged and are more than sufficient to withstand a motion to dismiss.

### B. The Complaint Properly Alleges Amazon's Request was A Condition of Employment.

The Complaint alleges that each Plaintiff was "required" to submit to the pre-employment physical. Complaint, ¶¶ 28, 35, 42. Something that is required is not optional, and nothing in the Complaint suggests that Plaintiffs could have refused the physical and still been hired. "[C]onditions of employment" include "such matters as hiring, firing, wages, discipline, supervision, direction, scheduling, seniority, overtime, work assignments, and the manner and method of work performance." *Weis Builders, Inc. v. Int'l Union, Local Union No. 150*, 2017 U.S. Dist. LEXIS 16647, at *11 (N.D. Ill. Feb. 7, 2017). Thus, the Complaint makes clear that Plaintiffs' hiring was conditioned upon attending the physicals and subjecting themselves to the unlawful request for their genetic information. As such, Amazon's request was a condition of employment.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to deny Defendants' Motion in its entirety. Alternatively, in the event that the Court grants Defendants' motion, Plaintiffs respectfully request the opportunity to amend their Complaint.

Dated: October 10, 2023          Respectfully submitted,

                                                            */s/ Kyle D. McLean*
                                                            Kyle D. McLean (SBN 6344126)
SIRI & GLIMSTAD LLP
700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
T. (213) 376-3739
E. kmclean@sirillp.com

David J. DiSabato
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500

New York, NY 10151
T. 212-532-1091
E. ddisabato@sirillp.com

Edward A. Wallace
Mark R. Miller
Molly C. Wells
WALLACE MILLER
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
T. (312) 261-6193
E. eaw@wallacemiller.com
 mrm@wallacemiller.com
 mcw@wallacemiller.com

COUNSEL FOR PLAINTIFFS

15