| | |
|---|---|
| HEAVEN THOMPSON, CHRISTINA POST, and MORGAN BENOIT, individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, and AMAZON SERVICES, LLC,<br><br>        Defendants. | Case No. 1:23-cv-03717<br><br>Honorable Thomas M. Durkin |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 12(B)(6) MOTION TO DISMISS

Defendants Amazon.com, Inc., Amazon.com Services, LLC,[1] and Amazon Services, LLC (collectively, "Defendants" or "Amazon"), by and through their undersigned counsel, respectfully submit this reply memorandum in support of their Motion to Dismiss Plaintiffs Heaven Thompson, Christina Post, and Morgan Benoit's ("Plaintiffs'") class action complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## I.    INTRODUCTION

Contrary to Plaintiffs' straw-man arguments, Amazon is neither requesting "additional requirements that the Legislature never imposed" nor "conflat[ing] the requirements for different types of GIPA claims." (ECF No. 19, "Opp'n." at 3.) Amazon recognizes that an employer can violate GIPA "by improperly requesting [] genetic information." (Opp'n. at 1.) The point of Amazon's motion is that the complaint includes no factual allegations plausibly alleging that Amazon made any such request. Plaintiffs claim that, to make out a GIPA claim, they only needed to allege that Amazon

---

[1] As explained in the Notice of Removal, Amazon Services, LLC merged with Amazon.com Services, LLC and is now a dissolved entity that no longer exists. *See* ECF No. 1.

requested family history information, because "[f]amily medical history is included within GIPA's definition of 'genetic information.'" (Opp'n. at 2.) In fact, however, under the statute, "genetic information" is limited to information about "[t]he manifestation of a disease or disorder in family members of such individual." *See* 45 C.F.R. § 160.103 (specifically incorporated into GIPA at 410 ILCS 513/10). Generalized allegations that Amazon solicited "family medical history" do not establish that Amazon sought to obtain *genetic* family medical history information as opposed to *non-genetic* medical information.

Thus, Plaintiffs are simply wrong when they state that, to sufficiently plead a violation of GIPA, a plaintiff need only recite statutory elements and state that "(1) there was a request for his or her family medical history and (2) that the request was a condition of employment or application of employment." (Opp'n. at 2.) Instead, Plaintiffs had to allege sufficient facts to show that Amazon requested information about a manifested disease or disorder that is genetic in nature. Plaintiffs have failed to do so here.

Recognizing their dilemma, Plaintiffs argue that proffering factual allegations regarding the solicitation of genetic information "would contravene the very purpose of GIPA" because it would require them to "reveal their protected genetic information." (Opp'n. at 2-3.) Not so. Amazon is not asking Plaintiffs to reveal their genetic history; rather, Amazon is simply requesting that Plaintiffs proffer facts showing that Amazon *requested* such information—the prerequisite for any statutory violation. Because the complaint is devoid of any such facts, it fails to state a plausible claim. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief," and this necessitates "some factual allegation in the complaint . . . .").[2]

_____

[2] Indeed, on November 8, 2023, Amazon served Plaintiff's counsel with a letter expressing its intent to pursue Rule 11 sanctions should Plaintiff's counsel not dismiss this Complaint voluntarily.

Plaintiffs' efforts to take on the applicable case law fare no better. They proffer distinctions without differences with respect to Amazon's dispositive case law, and the case law that they cite undermines their own arguments, as the complaints in those cases contain precisely the sort of detailed factual allegations missing here.

At bottom, Plaintiffs fail to identify a single factual allegation lending plausibility to their claim that Amazon solicited their genetic information in violation of GIPA. Given these clear shortcomings, the Court should dismiss the complaint in its entirety pursuant to Rule 12(b)(6).

## II. ARGUMENT

### A. Plaintiffs' Assertion That Simply Claiming Defendants Sought "Family Medical History" Constitutes a Valid GIPA Claim Is Meritless.

Plaintiffs do not dispute that all they allege is that Amazon required them to "disclose [their] family medical history . . . including conditions that [their] family members had been diagnosed with." (Opp'n. at 7). They argue that this suffices because this information "falls squarely within GIPA's definition of genetic information." *Id*. The plain reading of the statute says otherwise.

The statute does not prohibit the solicitation of "family medical history." Rather, it prohibits the disclosure of information about "the manifestation of a disease or disorder in family members" that is genetic. 410 ILCS 513/25; *see also* 42 U.S.C. 2000ff-9; 45 C.F.R. § 160.103. As Defendants explained in their opening brief, "neither 'family medical history' nor all medical conditions are 'inherently genetic in nature.'" (ECF No. 11, "Mot. to Dismiss" at 4) (citing *Franks v. City of Austin*, 2020 WL 3446164, at *1 (W.D. Tex. 2020); *Munnerlyn v. Installed Bldg. Prod., LLC*, 2020 WL 2528547, at *2 (W.D. Tex. May 18, 2020)). Plaintiffs do not quarrel with Defendants' explanation that both *Franks* and *Munnerlyn* have recognized that The Genetic Information Nondiscrimination Act ("GINA")[3]—and therefore GIPA—prohibits the solicitation of medical history information only

---

[3] The parties agree that it is appropriate to rely on authorities discussing GIPA's federal counterpart, The Genetic Information Nondiscrimination Act ("GINA"). GIPA itself explains that employers must

when it is genetic in nature. Instead, Plaintiffs ask the Court to disregard *Franks*' and *Munnerlyn*'s reasoning because the plaintiffs in those cases complained about the solicitation of their own medical information rather than that of their family members. (Opp'n. at 8-10.) This is a distinction without a difference. The salient points in *Franks* and *Munnerlyn* were not whose medical information was solicited, but the nature of the information itself. Both cases teach that "genetic" cannot be conflated with "medical"—only information that is genetic triggers the protections of the statute. *Franks*, 2020 WL 3446164, at *2; *Munnerlyn*, 2020 WL 2528547, at *6.

As the Court aptly described in *Munnerlyn*, "there is a clear statutory distinction between medical information, such as a disease like epilepsy, and genetic information unlawfully used by an employer." *Id.* at *3. GINA and its implementing regulations confirm this. The statute states explicitly that "[a]n employer . . . shall not be considered to be in violation of this chapter based on the use, acquisition, or disclosure of medical information *that is not genetic information*," 42 U.S.C. 2000ff-9 (emphasis added), and its implementing regulations explain that "a covered entity does not violate GINA by acquiring . . . medical information about a manifested disease or disorder that is not genetic information, even if the disease or disorder may have a genetic basis or component," 29 C.F.R. § 1635.12. These provisions are clear and to the point: The statute regulates genetic information only, not any and all medical diseases standing alone. *See Ries v. City of Chicago*, No. 22 C 2740, 2023 WL 6126726, at *2 (N.D. Ill. Sept. 19, 2023) ("[T]he GINA statute and regulations permit an employer to request non-genetic medical information . . . even if such disease, disorder or condition has a 'genetic basis or component.'" (citation omitted)).

Therefore, the plaintiff's allegation in *Munnerlyn* that his employer collected information concerning his epilepsy "failed to state a plausible claim" because—just as Plaintiffs do here—Mr.

_____

"treat genetic testing and genetic information in such a manner that is consistent with the requirements of federal law, including but not limited to the Genetic Information Nondiscrimination Act of 2008 [GINA]." 410 ILCS 513/25(c).

Munnerlyn "failed to allege any facts showing that Defendants used genetic information or genetic tests." *Id.* This same failure defeated the complaint in *Franks*, where a city employee claimed that his employer sought the (unspecified) results of his fitness-for-duty examination. *Franks*, 2020 WL 3446164, at *1. The court granted the defendant's motion to dismiss and provided the following rationale:

> [T]he Court finds that Franks has not pleaded any facts indicating that the City requested or obtained his "genetic information" and discriminated against him on the basis of such "genetic information." As the City notes, **Franks fails to allege that the complained of examination involved genetic information, as opposed to ordinary medical information, and GINA only applies to genetic information** . . . . Accordingly, Franks fails to articulate a claim that would allow the Court to draw the reasonable inference that the City is liable on any claims arising under GINA.

*Id.* at *2.

Like the complaints filed in *Franks* and *Munnerlyn*, Plaintiffs' complaint includes no facts showing that Amazon requested genetic information. Generalized allegations that Amazon collected "family medical history," "genetic information," and information about unspecified "conditions" merely recite statutory terms; they do not provide any factual context to suggest that the family medical history or conditions in question carry the genetic implication that would violate GIPA.

Plaintiffs' efforts to distinguish *Green v. Whataburger Restaurants LLC*, 2018 WL 6252532 (W.D. Tex. 2018), and *Bell v. PSS World Medical, Inc.*, 2012 WL 6761660 (M.D. Fla. 2012), are also unavailing. Importantly, Plaintiffs concede that the court granted the motion to dismiss in *Green* because "the manifested disease or disorder in her daughter was not genetic in nature" and similarly in *Bell* because the complaint did not show that the alleged "medical conditions equate to genetic testing and/or genetic information." (Opp'n. Br. 10-11.) Citing paragraphs 49 and 50 of their Complaint, Plaintiffs argue that this case is different because Amazon requested family medical history information "for the purpose of evaluating the risk that the individual may have inherited genetic conditions from family members . . . including but not limited to hypertension, cancer, heart

conditions, diabetes and stroke." (Opp'n. Br. at 6-7) (citing Compl. ¶¶ 49-50). This argument is, at best, disingenuous. For starters, paragraphs 49 and 50 are made "on information and belief." This does not suffice where, as here, Plaintiffs should know exactly what happened, given that they claim to have received the purported requests. *Busey Bank v. Turney*, No. 21 C 2900, 2022 WL 4079462, at *7 (N.D. Ill. Sept. 6, 2022) ("A complaint may make allegations upon information and belief where the facts are inaccessible to the plaintiff, but it must also plead reasonable grounds for its suspicions."). Regardless, paragraphs 49 and 50 speculate about Amazon's motivations in making requests for "family medical history information"; these general allegations about Amazon's purported motives proffer no facts to suggest that Amazon *actually* requested family medical history information about "hypertension, cancer, heart conditions, diabetes, or stroke." This failure dooms their claim. *See, e.g.*, *Graves v. Brookfield Suites Hotel & Convention Ctr.*, 2012 WL 3941774 (E.D. Wis. 2012) (dismissing GINA claim because the complaint did not describe "any genetic information about [the plaintiff] that was disclosed to [the] defendant"); *Dumas v. Hurley Med. Ctr.*, 837 F. Supp. 2d 655 (E.D. Mich. 2011) (dismissing GINA claim where "disclosed information" did not fall under the genetic information definition under GINA).

The cases that Plaintiffs cite do not dictate a contrary result. *See EEOC v. Grisham Farm Prods.*, 191 F. Supp. 3d 994 (W.D. Mo. 2016), and *EEOC v. Dolgencorp, LLC*, 2022 U.S. Dist. LEXIS 132466, at *38 (N.D. Ala. 2022). To the contrary, when juxtaposed with Plaintiffs' complaint, the complaints in *Grisham* and *Dolgencorp* illustrate the substantive deficiencies of Plaintiffs' complaint and the level of detail that is required to state a GIPA claim.

Taking *Grisham* first, the plaintiff in that case alleged that his employer violated GINA by requiring applicants to complete a three-page health history form before they would be considered for a job. The health form included forty-three questions for all applicants to answer. *Grisham*, 191 F. Supp. 3d at 995. In stark contrast to the circumstances here, the plaintiff in *Grisham* attached to his

complaint all three pages of the health history form. *See* Ex. A (*Grisham* Complaint). Therefore, the *Grisham* complaint left no doubt as to the substance of the information requested, thereby satisfying the plaintiff's pleading obligation under the Federal Rules of Civil Procedure. Conversely, Plaintiffs have not provided a single allegation specifying the information Defendants purportedly sought.

The plaintiff in *Dolgencorp* similarly alleged that the defendant requested and required conditional hires to complete a health and medical questionnaire, which included a section requesting that applicants indicate whether their grandparents, parents, or children have suffered from significant medical problems. *Dolgencorp, LLC*, 2022 U.S. Dist. LEXIS 132466 at *38. The complaint included a narrative specifying the precise information the defendant requested and contained contextual details. It stated that "[f]rom 2011 through August 21, 2014, Defendant's agent, Middle Creek, conducted additional detailed inquiries into the family medical history of applicants during the in-person medical examinations, which included soliciting information regarding cancer history, heart history, and blood pressure history." *See* Ex. B (*Dolgencorp* Complaint ¶ 37). The *Grisham* complaint also alleged that, as a part of the application process, the defendant, among other things, required applicants to provide information regarding their vitals, complete vision and drug tests, disclose current medications, undergo a physical examination that sometimes included a genital exam, and complete a medical and health history questionnaire. (*Id.* ¶ 15). The detailed nature of these allegations provides a stark contrast to Plaintiffs' complaint, which is devoid of any equivalent factual narrative or specificity about the information Defendants allegedly requested.

### B. Requiring Plaintiffs to Plausibly Allege a GIPA Violation Does Not Contravene the Statute's Intent.

Plaintiffs contend that Defendants' position would require them to reveal their genetic information and therefore contravenes "the very purpose of GIPA." (Opp'n. at 2-3). This argument is without merit. Alleging facts sufficient to identify the information Amazon allegedly *requested* would not require Plaintiffs to reveal the information they *provided*. *Grisham*, *Dolgencorp*, and complaints

Plaintiffs' counsel have filed in other matters demonstrate precisely how litigants can sufficiently allege that employers sought genetic information without disclosing the responses plaintiffs provided. Just recently, Plaintiffs' counsel in *Taylor v. Union Pacific Railroad Co.* filed a complaint alleging that the defendant violated GIPA because, as a condition of employment, the employer required the plaintiff to complete a questionnaire that "listed various medical conditions including cardiac health, cancer, and diabetes, among other ailments, and asked [the plaintiff] to respond by stating whether Ms. Taylor had any of those conditions, or whether any family members on [the plaintiff]'s maternal or paternal bloodlines had manifested these conditions." *See* Ex. C (*Taylor* Complaint). The failure to include any such detail here is telling and dispositive.

Furthermore, any concern that Plaintiffs might have to reveal their genetic information to litigate their GIPA claim would not justify its non-disclosure. The statutory terms themselves explain that genetic information is discoverable and admissible, subject to a protective order, in any actions alleging a violation of the Act. 410 ILCS 513/15(b). If Plaintiffs are concerned about the public disclosure of their genetic information, they can file any such information under seal. They may not, however, on one hand, file a suit alleging that Defendants requested the information, and on the other hand, withhold details about the alleged request. Courts have rejected these tactics to leverage sensitive information as both "a shield and a sword." *See, e.g.*, *Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, 2016 WL 297750, at *1 (W.D. Wis. Jan. 22, 2016) (barring litigant from using sensitive information as a shield and sword).

## III.    CONCLUSION

Plaintiffs' Complaint falls far short of the pleading standards exemplified in the cases they themselves cite. In their Complaint, Plaintiffs needed to detail particular facts underpinning their allegation that Defendants sought out their genetic information. Merely stating that Defendants requested "family medical history" does not get it done. These conclusory allegations disregard the

clear dictates of Rule 8(a), *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), *Twombly*, and court rulings

interpreting GINA. Consequently, they are insufficient to "unlock the doors of discovery." *Iqbal,* 556

U.S. at 678-79. Accordingly, the Court should dismiss the complaint in its entirety pursuant to Rule

12(b)(6).

Date:   November 13, 2023

By:   /s/ Eric L. Mackie

Sari Alamuddin
*sari.alamuddin@morganlewis.com*
Eric L. Mackie
*eric.mackie@morganlewis.com*
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Suite 2800
Chicago, IL  60606-1511
Tel: (312) 324-1000
Fax: (312) 324-1001

*Counsel for Defendants Amazon.com,
Inc., and Amazon.com Services, LLC*

## CERTIFICATE OF SERVICE

I certify that on November 13, 2023, I caused a copy of the foregoing to be filed with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

*/s/ Eric L. Mackie*
Eric L. Mackie
