# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| PLAINTIFF, | ) ) | NO. 6:16-CV-3105 |
| v. | ) ) ) | |
| GRISHAM FARM PRODUCTS, INC., | ) ) ) | JURY DEMAND |
| DEFENDANT. | ) | |

# COMPLAINT

## NATURE OF THE ACTION

1.  This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices on the basis of disability; under Title II of the Genetic Information Non-Discrimination Act of 2008 (GINA), 42 U.S.C. § 2000ff *et seq.*, to correct unlawful employment practices on the basis of genetic information; and pursuant to the ADA, GINA, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to provide appropriate relief to Phillip Sullivan. As alleged with greater particularity below, Grisham Farm Products, Inc. violated the ADA and GINA by requiring job applicants, including Sullivan, to fill out a three-page "Health History" before they would be considered for a job. It also failed to maintain or retain employment records, as required by law.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), and Section 207(a) of GINA, 42 U.S.C. § 2000ff-6(a), both of which incorporate by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964

1

(Title VII), as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the employment practices alleged to be unlawful were and are now being committed in Missouri.

4. Venue is proper in the Southern Division pursuant to L.R. 3.1 (a)(3)(a) and L.R. 3.1 (b)(1).

## PARTIES

5. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States charged with the administration, interpretation, and enforcement of Title I of the ADA and Title II of GINA, and is expressly authorized to bring this action pursuant to 42 U.S.C. § 2000e-5(f)(1) and (3).

6. Defendant Grisham Farm Products, Inc. was incorporated in Missouri in 1994, and has, at all relevant times, engaged in an industry affecting commerce and employed approximately 300 people; it is therefore an "employer" under Section 101(5), (7) of the ADA, 42 U.S.C.§ 12111(5), (7), and Section 201(2)(B)(i) of GINA, 42 U.S.C.§ 2000ff(2)(B)(i), both which incorporate 42 U.S.C. §§ 2000e(b) by reference.

**7.** As an employer under the ADA, Grisham Farm has been, at all relevant times, a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. On August 25, 2014, which is more than thirty days prior to the institution of this lawsuit, Sullivan filed a charge of discrimination with the Commission against Grisham Farm.

9. On or about August 27, 2014, the Commission mailed notice of Sullivan's charge to Grisham Farm pursuant to 42 U.S.C. § 2000e-5 (b).

10. On September 24, 2015, after an investigation, the Commission issued to Grisham Farm a Letter of Determination finding reasonable cause to believe that Grisham Farm violated the ADA and GINA and that it failed to retain and maintain employment records, as required by all applicable statutes.

11. The Letter of Determination invited Grisham Farm to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with Grisham Farm to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Grisham Farm a conciliation agreement acceptable to the Commission.

14. On September 30, 2015, the Commission issued a Notice of Failure of Conciliation to Grisham Farm.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

16. Phillip T. Sullivan, a retired law enforcement officer, learned Grisham Farm was hiring and decided to seek a warehouse job.

17. Sullivan downloaded Grisham Farm's online "Application for Employment" ("Application") on or about July 28, 2014.

18. Exhibit A is a true and accurate copy of the Application Sullivan downloaded.

19. Sullivan filled out the first three pages of the Application. <u>Exhibit A</u>, at pp. 1-3.

20. After answering the first question (of 43 total questions) on the three-page Health History form ("Health Form") Sullivan paused. *Id.*, at pp. 4-6.

21. Although the top of the first page of the Health Form states that "[a]ll questions must be answered," *id*. at p. 4, Sullivan has medical conditions and disabilities he would have revealed had he fully and completely answered each question on the Health Form.

22. Because Sullivan believed he did not have to reveal his medical history to any potential employer, he telephoned Grisham Farm on or about August 5, 2014.

23. When Sullivan inquired, Grisham Farm's agent, with whom he spoke on the phone, said that if the Health Form was not fully completed, it would not accept his Application.

24. Sullivan refused to complete the Health Form. *Id*. at pp. 4-6.

25. Sullivan did not submit his Application to Grisham Farm and contacted the Commission.

26. On August 25, 2014, Sullivan filed a charge of discrimination with the Commission challenging the propriety of Grisham Farm's Health Form.

27. During the Commission's investigation, Grisham Farm informed the Commission that it did not retain employment applications as required by 42 U.S.C. § 2000e-8(c).

28. The unlawful employment practices complained of in the foregoing paragraphs were and are intentional and were done with malice or with reckless indifference to the federally protected rights of applicants for employment including Sullivan.

## STATEMENT OF CLAIMS

### COUNT I
(ADA – Unlawful Inquiry)

29. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

30. Grisham Farm's actions violated 42 U.S.C. § 12112(d).

31. As a direct and proximate result of Grisham Farm's violation of 42 U.S.C. § 12112(d), Sullivan suffered actual damage including but not limited to failure to gain employment, inconvenience, embarrassment, and loss of enjoyment of life.

32. Grisham Farm's violation of 42 U.S.C. § 12112(d) likely chilled other reasonable persons from submitting employment applications.

*33.* Grisham Farm's violation of 42 U.S.C. § 12112(d) resulted in other applicants, who were not chilled, revealing information to Grisham Farm that would reveal whether they were individuals with disabilities or as to the nature or severity of such disabilities.

### COUNT II
(GINA – Unlawful Inquiry)

34. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

35. Grisham Farm's actions violated 42 U.S.C. § 2000ff-1(b).

36. As a direct and proximate result of Grisham Farm's violation of 42 U.S.C. § 2000ff-1(b), Sullivan suffered actual damage including but not limited to failure to gain employment, inconvenience, embarrassment, and loss of enjoyment of life.

37. Grisham Farm's violation of 42 U.S.C. § 2000ff-1(b) likely chilled other reasonable persons from submitting employment applications.

38. Grisham Farm's violation of 42 U.S.C. § 2000ff-1(b) resulted in other applicants, who were not chilled, revealing genetic information with respect to themselves or family members to Grisham Farm.

## COUNT III
(ADA and GINA – Failure to Retain Records)

39. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

40. Grisham Farm's actions violated 42 U.S.C. § 2000e-8(c).

41. As a direct and proximate result of Grisham Farm's violation of § 2000e-8(c), the Commission is unable to properly enforce federal employment laws including but not limited to the ADA and GINA.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Grisham Farm's Health Form violates the ADA, 42 U.S.C. § 12112(d), by requiring job applicants to provide health history information which would reveal whether they were individuals with disabilities or as to the nature or severity of such disabilities;

B. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Grisham Farm's Health Form violates GINA, 42 U.S.C. § 2000ff-1(b), by requiring job applicants to provide health history that would reveal genetic information with respect to themselves or family members;

C. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Grisham Farm violated and continues to violate 42 U.S.C. § 2000e-8(c)) and the Commission's recordkeeping regulations found at 29 C.F.R. Part 1602(C), by its failure to maintain and retain employment records as required by law;

D. Issue a permanent injunctions prohibiting Grisham Farm, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from making any pre-employment medical inquiries and requiring any health history from the application process in violation of the ADA, 42 U.S.C. § 12112(d) and GINA, 42 U.S.C. § 2000ff-1(b);

E. Issue a permanent injunction compelling Grisham Farm, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with the ADA, 42 U.S.C. § 12117(a), and GINA, 42 U.S.C. § 2000ff-6(a), both of which incorporate by reference 42 U.S.C. § 2000e-8(c).

F. Order Grisham Farm to make Sullivan whole by providing compensation for his pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

G. Order Grisham Farm to make Sullivan whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, such as inconvenience, embarrassment, and loss of enjoyment of life, in amounts to be determined at trial;

H. Order Grisham Farm to pay Sullivan punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial;

I. Grant such other and further relief as this Court deems necessary and proper in the public interest; and

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Andrea G. Baran
ANDREA G. BARAN, #46520
Regional Attorney

/s/ C. Felix Miller
C. FELIX MILLER, #28309
Supervisory Trial Attorney

/s/ Grant R. Doty
Grant R. Doty, #60788
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
Phone: (314) 539-7918
Fax. (314) 539-7895
Email: grant.doty@eeoc.gov

# Application for Employment

Our policy is to provide equal employment opportunity to all qualified persons without regard to race, creed, color, religious belief, sex, age, national origin, ancestry, physical or mental disability, or veteran status.

Date 8-11-2014
Last name Sullivan   First name Philip   Middle name Todd
Street Address ███████████████
City Mountain Grove   State MO   ZIP 65711
Telephone ███████████   Social Security # ███████████

Are you a U.S. citizen or otherwise authorized to work in the U.S. on an unrestricted basis? (You may be required to provide documentation.) ☒ Yes ☐ No
Are you looking for full-time employment? ☒ Yes ☐ No
If no, what hours are you available? Would also be available for part time work
Are you 18 or older? ☒ Yes ☐ No
Have you ever been convicted of a felony? (This will not necessarily affect your application.)
☐ Yes ☒ No
If yes, please describe conditions. _____

**Employment Desired**
Position applied for Warehouse Work
How did you hear of this opening? Internet
Have you ever applied for employment here? ☐ Yes ☒ No
When? _____
Where? _____
Have you ever been employed by any of our companys? ☐ Yes ☒ No
When? _____
Where? _____

Complaint Exhibit A

Are you presently employed? ☐ Yes ☒ No
May we contact your present employer? ☒ Yes ☐ No
Are you available for full-time work? ☒ Yes ☐ No
Are you available for part-time work? ☒ Yes ☐ No
Are you willing to travel? ☐ Yes ☐ NO    MAYBE
Date you can start  8-11-2014
Desired position  WAREhouSE Work
Please list applicable skills _____

## Education

| | School Name and Location | Year | Major | Degree |
|---|---|---|---|---|
| High School | GED | 1974 | | |
| College | TARRANT County College | 1984-85 | | NO |
| College | | | | |
| Post-College | | | | |
| Other Training | 25 yrs LAW Enforcement | | | |

In addition to your work history, are there are other skills, qualifications, or experience that we should consider?

Auto MEChAnic - Small Engine MECHANIC AS well AS 1200 Hrs of Specialized TRAINING IN LAW Enforcement Some of which RELATES to VARIOUS TYPES of EMPLOYMENT

Are you planning to continue your studies? ☐ Yes ☒ No
If yes, where and what courses of study? _____

**Employment History** (Start with most recent employer)

Company Name _Tarrant County Sheriff_

Address _200 Taylor St, Ft Worth, TX_ Telephone _817-884-3309_

Date Started _8/85_ Starting Wage _1440-mth_ Starting Position _Jailer_

Date Ended _8/2010_ Ending Wage _4500.00/mth_ Ending Position _Deputy Sheriff_

Name of Supervisor _Division Chief - Amy Pennell_

May we contact? ☑ Yes ☐ No

Responsibilities _All duties related to law enforcement and some non-law enforcement._

Reason for leaving _Retired - 25 yrs service_

Company Name _____

Address _____ Telephone _____

Date Started _____ Starting Wage _____ Starting Position _____

Date Ended _____ Ending Wage _____ Ending Position _____

Name of Supervisor _____

May we contact? ☐ Yes ☐ No

Responsibilities _____

Reason for leaving _____

Company Name _____

Address _____ Telephone _____

Date Started _____ Starting Wage _____ Starting Position _____

Date Ended _____ Ending Wage _____ Ending Position _____

Name of Supervisor _____

May we contact? ☐ Yes ☐ No

Responsibilities _____

Reason for leaving _____

Health History — All questions must be answered before we can process your application or change authorization.

Within the past 10 years, have you had or been advised of, diagnosed or treated for any of the following conditions?

Each item must be checked either "Yes" or "No." Also, please CIRCLE ALL CONDITIONS THAT APPLY, (e.g., (allergies))

1. Allergies, hay fever, asthma, allergic reaction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▇▇▇▇▇
2. Anemia, other blood disease or disorder. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
3. Arthritis, lupus, gout or any inflammation, recurrent pain or diminished range of motion in the joints, including knees or hips (please indicate the involved joint — see the following page) . . . . . . . . . . ☐ Yes ☐ No
4. Back, neck or spinal column disorders, including back adjustments, recurrent back pain or immobility . . . . . . ☐ Yes ☐ No
5. Bladder infections, kidney infections, kidney stones, or any other bladder, urinary or kidney disorder . . . . . . ☐ Yes ☐ No
6. Breast disorder, fibrocystic disease, breast implant or reduction. . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
7. Cancer, cysts, tumors, polyps or other growths . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
8. Congenital disease or birth defect . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
9. Crossed eyes, detached retina, cataract, glaucoma or any other eye injury or disorder (except corrective lenses) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
10. Cystic acne, actinic keratosis, severe burns, severe scars or any other skin disorders . . . . . . . . . . . ☐ Yes ☐ No
11. Diabetes,* goiter or thyroid disorder or disorder of the glands . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
    *If you answered "yes" for diabetes, please also complete questions 39, 40, and 41.
12. Diseases related to the immune system, *other than* Human Immunodeficiency Virus (HIV) infection . . . . . . . ☐ Yes ☐ No
13. Ear infections, hearing impairment, nasal malformation, deviated nasal septum, sinus trouble, or any other disorder of the ear, nose or throat . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
14. Eating disorder, such as anorexia or bulimia. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
15. Emphysema, bronchitis or any chest, lung or respiratory problem or disorder . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
16. Epilepsy, seizures, migraine or recurrent headaches . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
17. Fractures, dislocations, polio, loss of limb(s), bone disorders. On the following page, please indicate the involved limb(s) — left or right, arm or leg — and if screws, pins or plates are now in place . . . . . . . . . ☐ Yes ☐ No
18. Gallstones, gallbladder disorder, hernia (except hiatal). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
19. Sexually-transmitted diseases, such as genital herpes, syphilis, gonorrhea, chlamydia or venereal warts. . . . . ☐ Yes ☐ No
20. Heart murmur, irregular heartbeat, rheumatic fever, chest pain, heart valve problem, heart attack or any other heart condition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
21. Hepatitis, cirrhosis or any other liver disorder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
22. Disorder of the male or female reproductive organs, including enlarged prostate, prostatitis, menstrual irregularity or disorder, fibroid uterus, abnormal Pap smear or ovarian cyst. . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
23. Muscular or neurological disorder, such as muscular dystrophy, multiple sclerosis, cerebral palsy or Parkinson's . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
24. Nervous, mental or emotional condition; attempted suicide, depression or mental retardation . . . . . . . . . . ☐ Yes ☐ No
25. Paralysis, stroke, TIA (Transient Ischemic Attack), or hypertension* (high blood pressure) . . . . . . . . . . . ☐ Yes ☐ No
    *If you answered "yes" for hypertension, please also complete questions 42 and 43.
26. Ulcers, colitis, hemorrhoids, ulcerative colitis, Crohn's, hiatal hernia or any other stomach, intestine, bowel or rectal disorder. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
27. Varicose veins, clots, poor circulation or any other vein or artery disorder . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No

Have you —

29. Had an operation or been hospitalized in the past 10 years? . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
30. In the past 10 years, been diagnosed with, or treated for, HIV infection? . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
31. In the past 10 years, been treated or counseled for alcoholism, the use of alcohol, drug abuse or the use of drugs? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
32. Within the past five years, ever had any other condition, disorder, ailment or injury not listed above for which you have had or plan to seek advice, diagnosis or treatment? . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
33. Consulted a doctor, chiropractor, therapist or other health care provider within the past 24 months? . . . . . . ☐ Yes ☐ No

34. If you answered "yes" to any of the questions 1-33, complete this section. Give complete details, including the number of each item that you answered "yes." Attach additional sheet if necessary.

| Item No. | Patient's Name | Dates of Illness or Conditions/ Symptoms | Diagnosis; Treatment, Medication, Reason for Visit | Is further treatment needed? | Were you hospitalized | Name and Address of Doctor and/or Hospital |
|---|---|---|---|---|---|---|
| | | From / To | | ☐ Yes ☐ No | ☐ Yes ☐ No | Name / Address |
| | | From / To | | ☐ Yes ☐ No | ☐ Yes ☐ No | Name / Address |
| | | From / To | | ☐ Yes ☐ No | ☐ Yes ☐ No | Name / Address |
| | | From / To | | ☐ Yes ☐ No | ☐ Yes ☐ No | Name / Address |
| | | From / To | | ☐ Yes ☐ No | ☐ Yes ☐ No | Name / Address |
| | | From / To | | ☐ Yes ☐ No. | ☐ Yes ☐ No | Name / Address |

35. Is anyone listed currently taking any prescribed medications? .................................................. ☐ Yes ☐ No
If YES, complete below. *(Use an extra sheet if necessary.)*

| Name | Medicine | Dosage | Reason | Name and address of prescribing doctor |
|---|---|---|---|---|
| Name | Medicine | Dosage | Reason | Name and address of prescribing doctor |

36. Has anyone listed had a physical exam in the last two years? .................................................. ☐ Yes ☐ No
If YES, provide:

| Person's Name | Physician's Name, Address and Phone Number | Date of exam (mo-day-yr) |
|---|---|---|
| | | |
| | | |

37. Has future surgery, diagnostic testing or medical treatment been recommended or discussed for any person listed? ☐ Yes ☐ No
If YES, please provide:

| Person's Name | Date | Diagnosis | Type of operation or treatment |
|---|---|---|---|
| | | | |

38. Nonsmoker's Designation and Declaration
A. I ☐ have / ☐ have not used tobacco products during the past 12 months.

3

Case 6:16-cv-03105-MDH   Document 1-1   Filed 03/22/16   Page 5 of 7   Complaint Ex. A, p. 5

39. If you answered YES to Question 11, please indicate how long patient has had diabetes: _____

40. If you answered YES to Question 11, please give the most recent blood sugar readings and dates during the last two years:

   Mo. _____ Yr. _____ Reading _____     Mo. _____ Yr. _____ Reading _____
   Mo. _____ Yr. _____ Reading _____     Mo. _____ Yr. _____ Reading _____
   Mo. _____ Yr. _____ Reading _____     Mo. _____ Yr. _____ Reading _____

41. If you answered YES to Question 11, please give the name and dosage for each prescription drug or injection taken for diabetes during the past three years: _____

42. If you answered YES to Question 25, please give the most recent blood pressure readings and dates, as listed below:

   (a) Prior to treatment, if information is available:         (b) During treatment, within the last year:

   Mo. _____ Yr. _____ Reading _____     Mo. _____ Yr. _____ Reading _____
   Mo. _____ Yr. _____ Reading _____     Mo. _____ Yr. _____ Reading _____
   Mo. _____ Yr. _____ Reading _____     Mo. _____ Yr. _____ Reading _____

43. If you answered YES to Question 25, please give the name and dosage for each prescription drug or injection taken for high blood pressure during the past three years: _____

Give name, dosage and length of time on current medication: _____

**Please Read Before Signing:**

I certify that all information provided by me on this application is true and complete to the best of my knowledge and that I have withheld nothing that, if disclosed, would alter the integrity of this application.

I authorize my previous employers, schools, or persons listed as references to give any information regarding employment or educational record. I agree that this company and my previous employers will not be held liable in any respect if a job offer is not extended, or is withdrawn, or employment is terminated because of false statements, omissions, or answers made by myself on this application. In the event of any employment with this company, I will comply with all rules and regulations as set by the company in any communication distributed to the employees.

In compliance with the Immigration Reform and Control Act of 1986, I understand that I am required to provide approved documentation to the company that verifies my right to work in the United States on the first day of employment. I have received from the company a list of the approved documents that are required.

I understand that employment at this company is "at will," which means that either I or this company can terminate the employment relationship at any time, with or without prior notice, and for any reason not prohibited by statute. All employment is continued on that basis. I hereby acknowledge that I have read and understand the above statements.

Signature _____ Date 8-11-2014