IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEAVEN THOMPSON, CHRISTINA POST, and MORGAN BENOIT, individually and on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, and AMAZON SERVICES, LLC,<br><br>　　　　Defendants. | No. 23-cv-03717<br><br>Judge John F. Kness |

**ORDER**

　　Before the Court is Defendants' motion to dismiss for failure to state a claim. (Dkt. 10.) For the reasons provided in the accompanying Statement, Defendants' motion is denied. Defendants must answer the complaint on or before April 21, 2025. The hearing set for April 2, 2025 is stricken and will be reset by separate order.

**STATEMENT**

**I.　Background**

　　Plaintiffs Heaven Thompson, Christina Post, and Morgan Benoit applied for positions at Defendant's Amazon fulfillment centers in Illinois between February 2021 and August 2022. (Dkt. 1-1 ¶¶ 27, 31, 34.) As part of the hiring process, each Plaintiff was required to undergo a pre-employment physical examination. (*Id.* ¶¶ 28, 35, 42.) Plaintiffs allege that, during these physicals, Defendants "indirectly or directly solicited, requested, or required" them to disclose their family medical history. (*Id.* ¶¶ 28, 35, 42.) Plaintiffs contend that Defendants did not direct them to refrain from divulging genetic information, leading them to disclose "genetic information, including conditions that [their] family members had been diagnosed with." (*Id.* ¶¶ 29–30, 36–37, 43–44.) Plaintiffs maintain that Defendants used this information in making employment decisions to minimize the risk of workplace

injuries associated with genetic-based conditions, "including but not limited to hypertension, cancer, heart conditions, diabetes and stroke." (*Id.* ¶¶ 49–50.)

On March 3, 2023, Plaintiffs filed a putative class action in the Circuit Court of Cook County. (Dkt. 1-1) Defendants removed the case to this Court and move to dismiss for failure to state a claim. (Dkt. 10; 11 at 3–6.) Plaintiffs bring a single count, alleging that Defendants requested genetic information as a condition of employment in violation of Section 25(c)(1) of the Illinois Genetic Information Privacy Act ("GIPA"). (Dkt. 1-1 ¶¶ 61–71.)

## II. Legal Standard

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). As the Seventh Circuit has emphasized, a plaintiff need not "lay out every element or ingredient" of a claim to survive a Rule 12(b)(6) motion. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1336 (7th Cir. 2024). Such "details and proof" come later, and all a plaintiff must do is "state a grievance." *Id.* at 1338. In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

## III. Discussion

### A. Defendants' Motion to Dismiss Count I (GIPA) Is Denied

Plaintiffs allege that they were asked to provide family medical history as a condition of employment and that this request was unlawful because the requested family medical history encompassed genetic information. (Dkt. 1-1 ¶¶ 61–71.) Under Section 25(c)(1) of GIPA, employers are prohibited from "directly or indirectly . . . solicit[ing], request[ing], [or] requir[ing] . . . [the] genetic information of a person or a family member of the person as a condition of employment [or] preemployment application." 410 ILCS 513/25(c)(1). GIPA adopts the definition of "genetic information" from HIPPA to include "[t]he manifestation of a disease or disorder in family members of such individual." 410 ILCS 513/10; 45 CFR 160.103.

Defendants do not seriously dispute that family medical history *could* include genetic information. Defendants instead train their sights on the pleading standard and assert that because not all medical conditions are inherently genetic in nature, Plaintiffs' pleadings could not possibly permit the inference that Defendants requested genetic information. (Dkt. 11 at 4–7.) Acknowledging the lack of precedent interpreting GIPA, Defendants turn to case law under the federal Genetic Information Nondiscrimination Act ("GINA"), citing decisions in which courts dismissed claims because of insufficient factual allegations about how the requested information was genetic.[1] (*Id.* at 5–7.)

Plaintiffs' submissions are sufficient at this stage to allow the case to proceed further. Plaintiffs plausibly allege that the request for family information included a request for genetic information. *See Thomas*, 120 F.4th at 1338 ("All the complaint need do is state a grievance. Details and proofs come later.") First, Plaintiffs allege that, upon Defendants' requests for family medical history during pre-employment physicals, they disclosed "genetic information, including conditions that [their] family members had been diagnosed with," specifying the dates, locations, and positions for which these examinations took place. (Dkt. 1-1 ¶¶ 27–29, 34–36, 41–43.) Second, Plaintiffs state that they individually provided such information as a condition of employment, without receiving any instruction from Defendants advising them not to disclose genetic information. (*Id.* ¶¶ 28, 30, 35, 37, 42, 44, 64–67.) Third, Plaintiffs claim that Defendants sought this information to evaluate the risk that Plaintiffs may have a predisposition to inheritable conditions—such as "hypertension, cancer, heart conditions, diabetes, and stroke"—and to inform hiring decisions aimed at mitigating the risk of workplace injuries associated with these conditions. (*Id.* ¶¶ 49–50.) Plaintiff's general allegations are buttressed by the specific allegations of the lead Plaintiffs. (*Id.* ¶¶ 27–48.)

These allegations are sufficient to apprise Defendants of what this case concerns: whether their request for family medical history as part of employment process implicates GIPA. Defendants may well prevail on the merits, but that effort must await a later stage in the litigation.

---

[1] Courts have looked to GINA to inform the interpretation of GIPA. *See McKnight v. United Airlines, Inc.*, No. 23-cv-16118, 2024 WL 3426807 (N.D. Ill. July 16, 2024); *Taylor v. Union Pacific Railroad Co.*, No. 23-cv-16404, 2024 WL 3425751 (N.D. Ill. July 16, 2024); *Ginski v. Ethos Seafood Grp., LLC*, No. 23-cv-16402, 2024 WL 4265249 (N.D. Ill. Sept. 23, 2024). GINA's parallel term—"manifestation of a disease or disorder in an individual's family members"—is generally restricted to conditions in family members that suggest a genetic predisposition for the individual. *McKnight*, 2024 WL 3426807 at *2; *Taylor*, 2024 WL 3425751 at *4; *Ginski*, 2024 WL 4265249 at *7. This interpretation distinguishes between conditions with genetic implications, such as heart disease, and those without, such as a COVID-19 diagnosis.

## IV. Conclusion

Defendants' motion to dismiss is denied.

SO ORDERED in No. 23-cv-03717.

Date: March 31, 2025

JOHN F. KNESS
United States District Judge

4