UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEAVEN THOMPSON, CHRISTINA POST, and MORGAN BENOIT, individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, and AMAZON SERVICES, LLC, <br><br> Defendants. | Case No.: 1:23-cv-03717 <br><br> **JUDGE JOHN F. KNESS** |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT**

Plaintiffs hereby respectfully move this Court for an order granting Leave to

File a First Amended Complaint in this action pursuant to Fed R. Civ. P. 15(a)(2).

I.      **INTRODUCTION**

On March 3, 2023, Plaintiffs filed the Complaint in the Circuit Court of Cook County

alleging on behalf of the named plaintiffs ("Original Plaintiffs") and a putative class that the

Defendants violated the Illinois GIPA by unlawfully inquiring about Original Plaintiffs'

family medical history in connection with employment or pre-employment health

assessments. ECF 1. On June 12, 2023, Defendants removed the case to this Court.

On July 19, 2023, Defendants filed a Motion to Dismiss for Failure to State a Claim.

Plaintiffs filed their response to the Motion to Dismiss on October 11, 2023. Defendants'

Motion to Dismiss was denied on March 31, 2025.

1

The Original Plaintiffs in this lawsuit are no longer available to proceed with this case. One is deceased and the other two have ceased responding to counsel despite diligent and repeated efforts to make contact. However, as alleged in the Complaint, Defendants' practices in violation of GIPA affect an entire class of potential plaintiffs. Since this case was originally filed, additional plaintiffs have come forward with claims identical to those in the Complaint. Thus, Plaintiffs seek leave to file the proposed First Amended Complaint attached and incorporated as **Exhibit A**, with a red-line version showing the changes between the Complaint and the proposed First Amended Complaint attached as **Exhibit B.**

## II. LEGAL STANDARD

"[A]s a general rule, a court 'should freely give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2). "The Supreme Court has pointedly told [courts] that 'this mandate is to be heeded.'" *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Generally, leave to amend should be allowed unless there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendant, or where amendment would be futile. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

## III. ARGUMENT

All the factors regarding amendment weigh in favor of allowing Plaintiffs to file a First Amended Complaint. The amendment is not brought in bad faith, there has been no undue delay or dilatory motive, and there will be no prejudice to Defendants. Further, the amendment is not futile.

### A. There has been no bad faith or repeated failures to cure deficiencies.

This is the first time that Plaintiffs are moving to amend the complaint. This is not a tactic

to further delay the proceedings or to drag out litigation. On the contrary, Plaintiffs seek permission to amend the complaint so that this case can move swiftly towards conclusion. Additionally, the proposed amended complaint does not change the underlying facts or claims in dispute. It simply seeks to swap out the nonresponsive Original Plaintiffs with plaintiffs with identical claims and who are similarly representative of the proposed class.

Additionally, this is the first time that Plaintiffs are seeking to amend the Complaint. Thus, there have been no repeated failures to cure deficiencies with the Complaint.

### B. There was no undue delay or dilatory motive.

"'Delay on its own is usually not reason enough for a court to deny a motion to amend.'" *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 76 (N.D. Ill. 2016) (quoting *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). Instead, it is "the degree of prejudice to the opposing party [that] is a significant factor in determining whether the lateness of the request ought to bar filing." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). "Undue delay is most likely to result in undue prejudice when a combination of factors – 'delay in proceedings without explanation, no change in the facts since filing the original complaint, and new theories that require additional discovery – occur together.'" *McDaniel* (quoting *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 347 (N.D. Ind. 2010)). None of these elements are present here.

This is the first time that Plaintiffs seek to amend this Complaint. Moreover, Plaintiffs are only moving to amend the Complaint because the Original Plaintiffs have become unreachable. While this case has been pending, two other putative class members have come forward and, after making repeated efforts to contact the Original Plaintiffs, counsel moved swiftly to draft the Proposed First Amended Complaint.

**C. Amendment will not prejudice Defendants.**

Plaintiffs have moved expeditiously to seek amendment and have acted in good faith to limit prejudice to Defendants. Discovery in this case is still in its early stages. Defendants noticed depositions for Original Plaintiffs Heaven Thompson and Morgan Benoit for August 26 and August 27, respectively. Fact discovery does not close until December 15, 2025. Thus, there is ample time for Defendants to depose the proposed replacement plaintiffs and to serve written discovery requests as needed. Additionally, Defendants have produced only a small handful of documents related to one of the Original Plaintiffs, Heaven Thomas. Thus, any burden in searching for documents related to the proposed replacement plaintiffs should be minimal.

Further, Proposed First Amended Complaint does not alter the underlying claims. The claims brought forth by the replacement plaintiffs are the same as those brought by the Original Plaintiffs and have similar factual foundations.

**D. Amendment will not be futile.**

To decide whether an amendment is futile, the Court determines whether the proposed amended complaint could withstand a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015). Therefore, on a motion to amend, the allegations in the Proposed Amended Complaint "must be taken as true -- just as they would be on a Rule 12(b) motion to dismiss." *Baxter Intl., Inc. v. Cobe Lab, Inc.*, No. 89 C 9460, 1991 U.S. Dist. LEXIS 19637, at *8 (N.D. Ill. Dec. 18, 1991).

The Complaint has already survived Defendants' 12(b)(6) motion to dismiss. Plaintiffs do not seek to add claims or to change the substance of the claim in the Complaint.

4

Rather, Plaintiffs seek to swap the named plaintiffs for new plaintiffs with identical claims. Thus, the proposed amendment is not futile.

### IV. MEET AND CONFER STATEMENT

Counsel for the parties have met and conferred via email and telephone and Defendant does not oppose the Motion.

### V. CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court grant their motion to amend, allow them to file their First Amended Complaint, and for any other relief that this Court deems appropriate.

Dated: August 25, 2025              Respectfully submitted,

*/s/ Kent M. Williams*
Kent M. Williams
William M. Sweetnam
Mason Barney
SIRI & GLIMSTAD LLP
745 Fifth Ave., Ste. 500
New York, NY 10151
T. 212-532-1091
E. kent.williams@sirillp.com
wsweetnam@sirillp.com
mbarney@sirillp.com

Edward A. Wallace
Mark R. Miller
WALLACE MILLER
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
T. (312) 261-6193
E. eaw@wallacemiller.com
mrm@wallacemiller.com

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS*

## CERTIFICATE OF SERVICE

I hereby certify, that on August 25, 2025, the foregoing was filed electronically with the Clerk of the Court using the Court's e-filing system, which sends notice of such filing to all counsel of record.

*/s/ Kent M. Williams*
Kent M. Williams